IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ("RICK") and SHARON NORLUND,

      Plaintiffs,

  v.

BOGMAN, INC. ("BOGMAN"), et al.,

      Defendants.

No. 2:12-cv-00371 GEB KJN PS

ORDER

/

      Presently before the court is plaintiffs' ex parte request to record a notice of pendency of action, or lis pendens, with the Butte County Recorder's Office (Dkt. No. 4).[1] According to plaintiff Rick Norlund's declaration, the Butte County Recorder's Office refused to record the notice of pendency of action without prior court approval.  (R. Norlund Decl. ¶ 5.) The court provisionally grants plaintiffs' request without commenting on the underlying merits of the lis pendens.

      California Code of Civil Procedure § 405.20 provides:

> A party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged.  The notice may be recorded in the office of the recorder of each county in

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

which all or part of the real property is situated.  The notice shall contain the names of all parties to the action and a description of the property affected by the action.

Additionally, California Code of Civil Procedure § 405.21 provides that a notice of pendency of action may be signed by either the attorney of record or with court approval.

Here, the court cannot determine on the present record that plaintiffs are not entitled to record their notice of pendency of action with the Butte County Recorder's Office. Plaintiffs' proposed notice includes the names of all of the parties to the action and describes the property at issue.  It also appears that plaintiffs served their proposed notice on defendants' counsel.  Accordingly, the court provisionally grants plaintiffs' request to record a lis pendens with the Butte County Recorder's Office.  However, nothing in this order prevents a subsequent challenge to the recording of the notice of pendency of action by way of a motion to expunge or other challenge.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiffs' ex parte request for an order allowing them to record a notice of pendency of action, or lis pendens, with the Butte County Recorder's Office (Dkt. Nos. 4) is provisionally granted.

2. The court authorizes plaintiffs to record a notice of pendency of action with the Butte County Recorder's Office, subject to later challenge.

IT IS SO ORDERED.

DATED: May 17, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE