1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD NORLUND, et al.,

11           Plaintiffs,                    No. 2:12-cv-00371 GEB KJN

12        v.

13   BOGMAN, INC., et al.,

14           Defendants.                    ORDER TO SHOW CAUSE
     _____/

15           Plaintiffs are proceeding without counsel in this action.[1]  This matter was set for a

16   Status (Pretrial Scheduling) Conference on October 25, 2012.  (See Order Setting Status

17   Conference ¶ 5.)  Plaintiffs were required to file a status report "not later than seven days prior

18   to" the Status Conference.  (Id. ¶ 6.)  Plaintiffs did not file a status report, and they have not filed

19   any documents in this action since May 30, 2012.  Plaintiffs did not appear at the Status (Pretrial

20   Scheduling) Conference on October 25, 2012.

21           Further, plaintiffs filed their complaint on February 14, 2012, naming several

22   defendants.  (Compl., Dkt. No. 1.)  Pursuant to Federal Rule of Civil Procedure 4(m), this court's

23   Order Setting Status Conference (Dkt. No. 12), and a separate order (Dkt. No. 14) resolving

24   plaintiffs' "Request for Clarification" (Dkt. No. 13), plaintiffs were obligated to serve all

25   defendants with process within 120 days of June 17, 2010.  (See Order Setting Status Conference

26

_____

[1]  This action proceeds before the undersigned pursuant to Eastern District of California
Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

¶ 1, Dkt. No. 12.)  Plaintiffs had until September 9, 2012, to effectuate service of process upon

the defendants, but the court's docket does not reflect that such service has been completed. (Id.)

        The defendants named in this action are Bogman, Inc., John Townsend, the Law

Offices of Les Zieve, Les Zieve, Joshua Abel, and Christine O'Brien (collectively, "defendants").

(Compl. at 1.)  However, the court's docket does not reflect with any certainty that plaintiffs have

served any of these defendants with process.[2]

        As a result, the undersigned is inclined to recommend, on the court's own motion,

that the claims against the defendants be dismissed because the time to serve them has expired.

In relevant part, Federal Rule of Civil Procedure 4(m) provides:

> **(m) Time Limit for Service.**  If a defendant is not served within 120 days
> after the complaint is filed, the court--on motion or on its own after notice
> to the plaintiff--must dismiss the action without prejudice against that
> defendant or order that service be made within a specified time.  But if the
> plaintiff shows good cause for the failure, the court must extend the time
> for service for an appropriate period.

Well over 120 days have passed since the complaint was filed in this court.  Absent good cause

shown by plaintiffs, the court "must" dismiss plaintiffs' claims against the above-named

defendants pursuant to Rule 4(m).  However, Rule 4(m) requires that the court provide notice to

plaintiffs prior to effectuating such a dismissal, and this order constitutes such notice.

        Additionally, the court is inclined to recommend, on its own motion, the dismissal

of plaintiffs' action with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure

to prosecute, comply with the Federal Rules of Civil Procedure, and comply with the court's

Order Setting Status Conference.  See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)

(recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells

Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005)

(recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b)

---

[2]  The docket does not reflect that plaintiffs have filed any proofs of service in this action.

1  *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the

2  court's orders); <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district

3  court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first

4  amended petition); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal

5  Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with

6  any order of the court."); <u>Thompson v. Housing Auth. of City of L.A.</u>, 782 F.2d 829, 831 (9th

7  Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets

8  and may impose sanctions including dismissal).  Plaintiffs have previously been warned that such

9  failures would result in a recommendation that this case be dismissed.  (<u>See</u> Order Setting Status

10 Conference, Dkt. No. 12 at 3 ("Failing to obey federal or local rules, or order of this court, may

11 result in dismissal of this action.  This court will construe pro se pleadings liberally, but pro se

12 litigants must comply with the procedural rules.").)

13          Based on the foregoing, IT IS HEREBY ORDERED that:

14          1.      Plaintiffs shall show cause, in writing, no later than November 22, 2012,

15 why they failed to file a status report seven days prior to the Status (Pretrial Scheduling)

16 Conference that occurred on October 25, 2012.

17          2.      Plaintiffs shall also show cause, in writing, no later than November 22,

18 2012, why their claims against defendants Bogman, Inc., John Townsend, the Law Offices of Les

19 Zieve, Les Zieve, Joshua Abel, and Christine O'Brien should not be dismissed with prejudice

20 pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

21 ////

22 ////

23 ////

24 ////

25 ////

26 ////

3.      Failure to file the required writing within the time permitted shall constitute plaintiffs' consent to the dismissal of this case with prejudice.

IT IS SO ORDERED.

DATED:  October 25, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE